UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80021-CIV-ALTMAN/Brannon

**TWIN CITY FIRE**
**INSURANCE COMPANY**,

      Petitioner,

v.

**LEONEL R. PLASENCIA,**
**P.A.,** *et al.*,

      Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** came before the Court upon a *sua sponte* examination of the record. On January 8, 2019, the Plaintiff, Twin City Fire Insurance Company ("Twin City"), filed a Petition for Declaratory Relief [ECF No. 1], in which it seeks a declaration of its obligations under an insurance policy it issued to Leonel R. Plasencia, P.A. It has been nearly five months, however, and a "required party"—the Estate of Leonel R. Plasencia (the "Estate")—has not been served pursuant to Federal Rule of Civil Procedure 4(m). Nor can it be, because a personal representative of the Estate has not yet been appointed.[1] For that reason, as laid out more fully below, the Court, pursuant to FED. R. CIV. P. 4(m), hereby gives notice to Twin City that it intends to dismiss the Amended Petition without prejudice unless Twin City perfects service upon the Estate by **June 12, 2019** or **SHOWS CAUSE** as to why the case should not be dismissed in the Estate's absence.

---

[1] It is "well-settled" under Florida law that only an estate's personal representative—and not the estate itself—can be a party to litigation. *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. 2d DCA 2017).

## BACKGROUND

According to the allegations in the Amended Petition for Declaratory Relief, on April 28, 2016, the law firm of Leonel R. Plasencia, P.A. (the "Insured") received a settlement check of $475,000 on behalf of its clients, Michael and Eileen Catinella (the "Catinellas" or "the tort claimants"). *See* Amended Petition for Declaratory Relief [ECF No. 4 at ¶ 11]. On August 24, 2017, the firm's sole proprietor, Leonel R. Plasencia, committed suicide; shortly thereafter, the Catinellas learned that Mr. Plasencia's trust account had been overdrawn. Am. Pet. ¶ 12; Catinellas Am. Compl. ¶ 14 [ECF No. 24-1]; Plasencia Certification of Death [ECF No. 37-1]. On February 23, 2018, averring that, as a result of Mr. Plasencia's malfeasance, they never received their portion of the settlement proceeds, the Catinellas filed a lawsuit against the Insured (the "underlying action"), in which they sought damages for Negligent Misrepresentation and Breach of a Fiduciary Duty. *See generally* Catinellas Am. Compl. [ECF No. 24-1]. On October 16, 2018, the Catinellas added the Estate as a defendant in the underlying action. Am. Pet. ¶ 14. The underlying action is still pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Am. Pet. ¶ 10.

At issue in this case is the Lawyers Professional Liability Policy (the "Policy") that Twin City issued to the Insured. *See generally* Am. Pet [ECF No. 4]. Twin City received notice of the underlying action on April 10, 2018. Am. Pet. ¶ 13; [ECF No. 4-1 at 48-49]. It is undisputed that a personal representative has not yet been appointed to administer the Estate. Am. Pet. ¶ 3; Def. Answer ¶ 3.

## ANALYSIS

Twin City seeks a declaration that, under the terms of the Policy, it is not required to defend or indemnify either the Insured **_or_** the Estate in the underlying action. In their various

motions before this Court, the parties direct the Court's attention to those portions of the Policy that define the scope and effect of the "Extended Reporting Period," which the Policy defines, in pertinent part, as follows:

> 6. Extended reporting period means a time immediately following the effective date of termination, cancellation, or non-renewal of this policy in which claims may be made against an insured and reported to us under this policy and are the result of a negligent act, error, omission, or personal injury which occurred prior to the end of the policy period and after the retroactive date and which are otherwise covered under this policy.

[ECF No. 4-1 at 8]. Section F of the Policy—which includes a coverage provision that kicks in when, as here, a sole practitioner[2] dies or becomes totally and permanently disabled—further provides that:

> F. Extended Reporting Periods
> \*     \*     \*
> c. Death or Disability Extended Reporting Period for a Sole Practitioner
> If you die or become totally and permanently disabled during the policy period, a death or disability extended reporting period for a sole practitioner shall be provided without additional charge. Coverage for reporting claims is extended until the executor or administrator of the estate is discharged or your disability ends. ***You or your estate must, within sixty (60) days after the end of this policy period, notify us in writing if this coverage is desired*** . . . [w]e also require: ii. [w]ritten proof of the date of your death.

[ECF No. 4-1 at 11] (emphasis added). The parties quibble over the precise meaning of these provisions—and, specifically, the clause requiring "written notice" by the deceased's estate. The Catinellas argue that, taken together, these provisions extended coverage immediately upon the death of Mr. Plasencia—with or without notice by the Estate. *See generally* Catinellas Mot. Summ. J. [ECF No. 37]. Twin City, for its part, says that the written notice provision contained in Section F is a prerequisite to any coverage extension *See* Am. Pet. ¶¶ 18-20. In short, then, the

---

[2] The Court is cognizant of Twin City's argument, which it notably made for the first time in its Response in Opposition to the Catinellas' Motion for Summary Judgment [ECF No. 42], that Mr. Plasencia ***may not***, in fact, have operated the Insured as a sole practitioner. *Id*. at 10.

3

parties' dispute would require the Court to rule upon the scope and extent of the Estate's obligations under the Policy.

Federal Rule of Civil Procedure 4 requires a plaintiff to serve copies of the summons and complaint on each defendant in the case. FED. R. CIV. P. 4(b)-(c). Rule 4(m) further provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—***must dismiss*** the action without prejudice against the defendant or order that service be made within a specified time." *Id.* (emphasis added). This 90-day service period has long passed. And, while Twin City has perfected service upon both the Catinellas and the Insured, it has failed to serve the Estate. Indeed, because no personal representative has been appointed to administer the Estate, Twin City may not be able to serve the Estate for the foreseeable future. While Rule 4(m), by its own terms, allows the Court, upon a showing of "good cause," to "extend the time for service for an appropriate period," it does not contemplate the indefinite extension Twin City seems to require here.

Moreover, as will become clear, this action simply cannot proceed without the Estate. Rule 19 of the Federal Rules of Civil Procedure requires, in relevant part, that:

> (1) Required Party: A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction **must** be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1)(A)-(B) (emphasis added). The Court cannot accord "complete relief among existing parties" because dismissing the Estate under Rule 4(m)—and proceeding only

4

with the existing parties—may well result in piecemeal litigation. After all, once a personal representative is appointed, the Estate may be inclined to file its own lawsuit, in which it may seek a declaration of its rights and obligations under the Policy. As the Committee Notes to Rule 19 make clear, Rule 19(a)(1) "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief . . . and in avoiding repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment. Because, in the Estate's absence, the Court cannot fully or completely determine either the extent of the Estate's obligations or the scope of its benefits under the Policy, the Estate is a "required party" under Rule 19(a)(1).

If a "required party" cannot be joined, the Court must determine whether, in "equity and good conscience," the action should be dismissed. *See Cty. of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (explaining the two-part test for determining whether an action should proceed in a required party's absence). Rule 19(b) outlines four factors for the Court to consider in determining whether to proceed in the absence of a "required party": (1) the extent to which a judgment rendered in the party's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: a) protective provisions in the judgment; b) shaping the relief; or c) other measures; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The Eleventh Circuit Court of Appeals has construed Rule 19 to require, in declaratory judgment actions, tort claimants in an underlying state court lawsuit to be joined as required parties—even though they are never parties to the insurance policies that are at issue in declaratory judgment actions—because, "were the case to proceed without [the claimants], the

claimants' interests would be prejudiced." *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005) (quotations and citations omitted); *see also Ranger Ins. Co. v. United Hous. of New Mexico, Inc.*, 488 F.2d 682, 683 (5th Cir. 1974) (finding that the absent tort claimants' interests would be prejudiced by a declaration of liability or non-liability). Those interests include whether the Insured is entitled to have the insurer provide his defense and whether the insurance policy covers the damages that might stem from the underlying tort claim. Notably, the *Condor Associates* Court held that the "identity of interests" between the insured and the tort claimants was immaterial to its finding of indispensability. *Id.* at 542. As it explained, third party tort claimants, who "presumably want[] [an identical] judgment that the insurance policy afford[s] coverage of their claims" are still *required* to be joined under Rule 19. *Id.*

This case is even more straightforward than *Condor Associates* because it implicates, not the interests of third party tort claimants (who have no connection to the underlying insurance policy), but the rights and obligations of a putative ***insured*** under an insurance policy whose interpretation is the central issue in the case. Section II of the Policy, entitled "Coverage Extensions," provides as follows:

> B. Estates and Legal Representatives
> In the event of the death, incapacity or bankruptcy of an insured, any claim made against the estate, heirs, legal representatives or assigns of such insured for a negligent act, error, omission, or personal injury of such insured ***shall be deemed a claim made against such insured***. No coverage shall apply to any claim for a negligent act, error, omission or personal injury of such estate, heirs, legal representatives or assigns.

(emphasis added) [ECF No. 4-1 at 13]. In other words, under the terms of the Policy, the Catinellas' claims against the Estate in the underlying action may be construed as claims against the Insured. If, under *Condor Associates*, the insured cannot advance the interests of the tort

claimants without the presence of those tort claimants, then surely the Catinellas cannot advance the interests of the Estate without the Estate. Twin City acknowledges this very point in its Amended Petition, in which it seeks a declaration that it bears no duty to defend or indemnify *__either__* the Insured *__or__* the Estate. Am. Compl. ¶¶ 7, 22, 30, 35. Since the Estate was sued in the underlying action—and given that a ruling here in Twin City's favor would vitiate Twin City's obligation to defend or indemnify the Estate—the Estate's interests, like those of the tort claimants in *Condor Associates*, "would be prejudiced" if this case were to proceed without it. Accordingly, it appears that, once the Estate is dismissed under Rule 4(m), this case cannot proceed.

The Court recognizes, however, that it cannot *sua sponte* dismiss the Amended Petition without first providing notice to Twin City. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion *__or on its own after notice to the plaintiff__*—must dismiss the action without prejudice against that defendant . . . .") (emphasis added). Accordingly, the Court hereby

**ORDERS** that, by **June 12, 2019**, Twin City shall perfect service upon the Estate or **SHOW CAUSE** why this case should not be dismissed.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record